**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3809-17T1

DITECH FINANCIAL,
f/k/a GREEN TREE
SERVICING,

     Plaintiff-Respondent,

v.

GREGORY M. BORNSTEIN,

     Defendant-Appellant.

_____

Argued October 13, 2020 - Decided November 18, 2020

Before Judges Currier and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-031906-14.

Gregory M. Bornstein, appellant, argued the cause pro se.

Christopher G. Ford argued the cause for respondent (RAS Citron, LLC, attorneys; Micah C. Pakay, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Gregory M. Bornstein appeals from the March 16, 2018 order denying his motion for reconsideration of a prior order denying his application to vacate judgment. After a review of defendant's contentions in light of the record and applicable legal principles, we affirm.

On September 29, 2006, defendant executed an interest-only adjustable rate note to TBI Mortgage Company. The note was secured by a mortgage held by Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for TBI against a residential property in Chesterfield, New Jersey. At the time of this transaction, defendant owned a property in Plainsboro, New Jersey. He had procured a line of credit from E*Trade Bank in June 2005 which was secured by a mortgage on the Plainsboro property.

In March 2011, MERS assigned the mortgage to BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing, LP (Countrywide). In June 2013, Bank of America, as successor by merger to Countrywide, assigned the mortgage to Green Tree.

Defendant defaulted on his obligations under the note and mortgage in 2010. In 2014, Green Tree filed a complaint for foreclosure for the Chesterfield property. Defendant filed a contesting answer, asserting various counterclaims.

A-3809-17T1

Extensive motion practice ensued. Pertinent to this appeal, Green Tree moved to dismiss defendant's counterclaims and for summary judgment.

Judge Karen L. Suter granted summary judgment to Green Tree, striking defendant's answer and defenses in a June 24, 2015 order. The order indicated the motion was "unopposed."

In a twelve-page comprehensive written statement of reasons, Judge Suter analyzed Green Tree's arguments and considered defendant's counterclaims. The judge advised that defendant had faxed a letter to the court on the return date of Green Tree's summary judgment motion. The letter was entitled "motion for continuance to review and respond to the May 27, 2015 order."[1] The judge stated that if defendant was attempting to file a motion, it was deficient as defendant had not paid the required filing fee nor attached a notice of motion cover page. Nevertheless, although Judge Suter determined the summary judgment motion unopposed, she considered the substance of defendant's letter, noting it did not "appear to oppose plaintiff's motion for summary judgment but rather takes issues with this court's May 27, 2015 order."

---

[1] On May 27, 2015, Judge Suter granted Green Tree's motion to strike defendant's counterclaims and denied defendant's motion to compel discovery and add new parties.

A-3809-17T1

Judge Suter held that Green Tree had established a prima facie right to foreclosure. She found defendant had not factually supported his arguments that Green Tree did not have standing and that the assignments of the mortgage were defective. In addition, defendant did not deny that he executed the note or defaulted on the loan. Judge Suter further found that defendant's counterclaim asserting a violation of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -226, lacked merit because it was unsupported by any facts and time-barred to the extent it related to the Bank of America loan. Judge Suter also rejected defendant's counterclaim asserted under the Truth in Lending Act, (TILA), U.S.C. § 1601-1693, because defendant had not presented any evidence that Green Tree had violated the TILA. Moreover, because defendant did not contend he was able to tender the balance due on his loan, the TILA did not provide a meritorious defense to foreclosure.

Judge Suter considered numerous other defenses and counterclaims asserted by defendant not pertinent to this appeal, and found the claims were unsupported by any facts in the record. Moreover, defendant's claims did not raise any factual issues to preclude the granting of the summary judgment motion.

A-3809-17T1

In July 2015, defendant filed a motion for reconsideration of Judge Suter's orders. On August 14, 2015, Judge Suter issued an order denying defendant's motion for reconsideration. In a written statement of reasons, the judge stated that defendant:

> repeats the same arguments, as previously considered by the court when the court granted [Green Tree]'s motion to dismiss defendant's counterclaims, and when the court granted plaintiff's motion [] for summary judgment, which struck the answer. These arguments were also previously considered when this court denied defendant's motion for reconsideration on May 29, 2015.

In September 2015, defendant filed a motion to settle the record. He argued Judge Suter improperly designated Green Tree's motion for summary judgment as unopposed and applied the incorrect standard for summary judgment. Defendant asserted that Green Tree's certifications were evidence of mortgage fraud, and that Green Tree's motions to strike his defenses and counterclaims and for summary judgment, as well as Judge Suter's orders granting those motions were insufficient and lacking in specificity.

On October 23, 2015, a different judge denied defendant's motions. The judge found defendant did not present any issues regarding the accuracy of the record, but rather reiterated arguments already considered and rejected in prior orders.

A-3809-17T1

In January 2016, the court granted Green Tree's application to substitute Ditech Financial, its successor in interest, as the plaintiff in this case. The court granted plaintiff final judgment in October 2017.

On January 2, 2018, defendant filed a motion to "vacate default judgment and stay sheriff's sale." The motion was considered and denied, after oral argument, by Judge Kathi F. Fiamingo on February 7, 2018.

In her thorough statement of reasons, Judge Fiamingo determined that defendant's motion was time-barred under Rule 4:50-2 because he sought to vacate the June 24, 2015 summary judgment order more than two years after its entry. In addition, defendant had not presented any reasons to grant relief under Rule 4:50-1 and vacate the judgment. Judge Fiamingo noted defendant was reiterating the same arguments considered by Judge Suter when she dismissed defendant's counterclaims and granted Green Tree's motion for summary judgment and when she denied reconsideration of her orders.

Judge Fiamingo further held defendant failed to demonstrate he was entitled to injunctive relief and a stay of the sheriff's sale. She stated that, even assuming the sale of the Chesterfield property would constitute irreparable harm, defendant had not demonstrated he had a settled legal right to the requested relief and a reasonable probability of success on the merits, given the

rebuff of defendant's arguments by several prior judges on multiple occasions. The judge also concluded that the balance of equities weighed in favor of denying defendant's motion.

After defendant moved for reconsideration of the order, Judge Fiamingo heard oral argument and denied the motion. In her March 16, 2018 order and accompanying written statement of reasons, Judge Fiamingo found defendant had not presented anything new to warrant reconsideration. Rather, defendant again attempted to relitigate the merits of the underlying foreclosure action, rehashing the same arguments rejected in prior orders.

Before this court, defendant renews his arguments, contending Judge Fiamingo erred in denying reconsideration of the denial of his motion to vacate final judgment.

We review a trial court's decision to grant or deny a motion for reconsideration under an abuse of discretion standard. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Accordingly, "a trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from

established policies, or rested on an impermissible basis.'" Ibid. (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

We are satisfied that Judge Fiamingo did not abuse her discretion in denying defendant's motions to vacate the judgment under Rule 4:50-1 and for reconsideration. First, defendant's motion was untimely. Summary judgment was granted on June 24, 2015; the court denied the motion for reconsideration on August 14, 2015. Defendant did not challenge the orders for two and a half years. Rule 4:50-2 requires a motion brought under Rule 4:50-1 to be made within a "reasonable time" under the circumstances. Defendant has not presented any reasons for his failure to contest the summary judgment order for more than two years.

Moreover, defendant's arguments to vacate the judgment were thoroughly considered and rejected in several prior orders. Defendant did not present any reason to vacate judgment other than attempting to relitigate the summary judgment motion. He did not present anything new in his papers requesting reconsideration. A careful review of the record reflects that each of the judges who considered defendant's arguments did so in a thoughtful and well-reasoned fashion. Therefore, we can discern no abuse of discretion.

A-3809-17T1

Any arguments not specifically addressed lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3809-17T1